L. HELLER & SON, INC., Appellant, *v.* YOKELSON-COOPER, INC., Respondent.

First Department, October 30, 1925.

See head note in *Heller & Son, Inc.,* v. *Lassner Co., ante,* p. 315.

APPEAL by the plaintiff, L. Heller & Son, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of March, 1925, denying plaintiff's motion to strike out two defenses and counterclaims contained in the answer.

21

*Hays, St. John & Buckley* [*John Schulman* of counsel], for the appellant.

*Caldwell & Polhemus* [*George E. Polhemus* of counsel], for the respondent.

BURR, J.:

Plaintiff alleges that it is the owner of certain letters patent covering an article known as " synthetic sapphire."

On or about September 18, 1922, an agreement was made between the parties to this action, whereby the defendant was given a non-exclusive license to import, use and sell synthetic sapphires upon payment of a royalty equal to twenty per cent of the landed cost price of the synthetic sapphires to the defendant. A copy of this agreement is annexed to the complaint.

Thereafter the defendant continued to import, use and sell synthetic sapphires and made payments of royalties until April, 1924. Since that date it has continued to import synthetic sapphires to an amount of not less than $75,000, but has refused and neglected to pay the royalties, for which this action is brought.

The defendant admits the incorporation of the parties, interposes a general denial and sets up four alleged defenses. The defenses of duress and impossibility of performance were stricken out and those which remain are as follows:

(1) A defense that the patent was invalid and that the plaintiff made false statements to induce the making of the license agreement.

(2) That there was a mutual mistake of fact as to the validity of the patent.

The order so far as appealed from should be reversed, with ten dollars costs and disbursements to the appellant, and the motion granted, with ten dollars costs, on the grounds stated in affirming orders striking out similar defenses in *Heller & Son, Inc.,* v. *Lassner Co.* (214 App. Div. 315), with leave to the defendant to answer within twenty days upon payment of said costs.

CLARKE, P. J., DOWLING, FINCH and McAVOY, JJ., concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to serve an amended answer within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.